## Case No. 9,196.

### The MARY ANN GUEST.

[1 Blatchf. 358.] [1]

Circuit Court, S. D. New York. Oct. Term, 1848. [2]

SALE—BONA FIDE PURCHASER—BILL OF LADING—RIGHTS OF VENDOR.

Goods were purchased on credit and shipped by the vendor on board of a vessel whose master gave a bill of lading for their delivery to the consignee or his order. Before the vessel reached her port the bill was endorsed to A., who advanced cash upon it. After she arrived, and before A. demanded the goods, they were replevied by the vendor, on an allegation that the vendee had agreed to pay for the goods on delivery, but had become insolvent, and had not paid for them: *Held*, that A. was a bona fide purchaser, that the seizure of the goods by virtue of the writ of replevin constituted no bar to his right to the delivery of the goods, and that, on a libel in rem, the vessel was responsible to him, irrespective of the suit between vendor and vendee.

[Cited in The M. M. Chase, 37 Fed. 711.]
[Cited in Michigan State Bank v. Gardner, 81 Mass. (15 Gray) 372.]

This was a libel in rem filed in the district court by Townsend Underhill against the schooner Mary Ann Guest, for the non-delivery of goods shipped by that vessel from Philadelphia to New-York. The goods had been purchased cn credit and shipped by the vendor, and a bill of lading in the ordinary form was given by the master for the delivery of the same to the consignee or his order. The bill of lading was transmitted to

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]
2 [Affirming Case No. 9,197.]

New-York previous to the arrival of the vessel, and endorsed to the libellant, who advanced on it $1,050 in cash. After the vessel arrived, the delivery of the goods was demanded of the master in pursuance of the terms of the bill of lading, but they were not delivered. On the same day on which the vessel arrived, and before the demand was made, the goods were replevied in a suit brought by the vendor against the vendee, upon an allegation that the latter had agreed to pay for the goods on their delivery at New-York, but had become insolvent, and had not paid for them. The court below decreed in favor of the libellant, and the claimant appealed to this court.

THE COURT held that the libellant was to be regarded in the light of a bona fide purchaser, that the seizure of the goods by virtue of the writ of replevin constituted no bar to his right to have them delivered by the master, and that the vessel was responsible to him, irrespective of the suit between the vendor and the vendee.

Decree affirmed.